UNITED STATES DISTRICT COURT

DISTRICT OF MAINE

| JAMES L. SAM, | ) | |
|---|---|---|
| Plaintiff, | ) ) ) | |
| v. | ) ) ) | No. 1:13-cv-00188-DBH |
| JAMES P. FOSS, *et al.*, | ) ) ) | |
| Defendants | ) | |

**ORDER ON PLAINTIFF'S MOTION TO AMEND COMPLAINT**

This matter is before the Court on Plaintiff James L. Sam's motion to amend his complaint. (Motion to Amend, ECF No. 24.) Through his motion, Plaintiff seeks to join an additional defendant and assert another legal theory. Defendants oppose the motion, and argue that they would be prejudiced based on the timing of the requested amendment. (Opposition, ECF No. 25.)[1] After consideration of the parties' arguments, as explained below, the Court concludes that good cause exists to modify the Court's scheduling order, and to grant Plaintiff leave to amend the complaint.

**PROCEDURAL AND FACTUAL BACKGROUND**

On May 22, 2013, Plaintiff commenced this action in which he complained of a deprivation of his right to practice his religion in the prison setting. In his form prisoner civil complaint, Plaintiff alleged a violation of his right to access religious materials (a study Bible and a book of Native American legends) while incarcerated in the Aroostook County Jail. In his complaint,

---

[1] Upon Plaintiff's filing of his reply memorandum (Reply, ECF No. 26), the Court referred the matter for disposition.

Plaintiff joined two defendants, Jail Administrator James Foss and Compliance Monitor Carmen Leavitt. Defendants filed their answer to Plaintiff's complaint on July 19, 2013.

On July 22, 2013, the Court issued its initial scheduling order, by which order the Court established October 7, 2013, as the deadline for the amendment of the pleadings and joinder of parties, and set December 23, 2013, as the deadline for completion of discovery. On August 19, 2013, Plaintiff requested a continuance to October 14, based on his alleged difficulty accessing computers and the law library at the Maine State Prison due to multiple daily lock downs. (Motion for Continuance, ECF No. 11.) The Court denied the motion, noting that at the time, there was no impending deadline to extend. (ECF No. 12.) In November 2013, Defendants sought leave to depose Plaintiff at the Maine State Prison (ECF No. 13), which motion the Court granted. (ECF No. 14.) On December 23, 2013, Defendants filed a motion to extend the discovery deadline. (ECF No. 15.) The Court granted the motion, and established the discovery deadline as February 21, 2014, and the trial ready date as June 3, 2014. (ECF No. 16.)

On January 6, 2014, Plaintiff filed a motion requesting appointment of counsel. (ECF No. 17.) With his motion, Plaintiff filed copies of two letters (one to a law firm and one to a legal service organization) that reflected his efforts to secure counsel. (ECF Nos. 17-1, 17-2.) In his motion, Plaintiff represented that neither recipient responded to his inquiry. The Court reserved ruling on Plaintiff's motion, and directed Plaintiff, by January 22, 2014, to update the Court on his effort to obtain counsel. (ECF No. 18.) Because counsel subsequently entered an appearance for Plaintiff, the Court mooted Plaintiff's motion for appointment of counsel. (ECF Nos. 19, 20.)

Plaintiff's counsel promptly filed a motion to amend the scheduling order, by which motion Plaintiff requested an enlargement of the discovery deadline, and the deadline for amendment of the pleadings and joinder of parties. Defendants consented to an enlargement of the discovery

period, but objected to an extension of the deadline for amendment of the pleadings and joinder of parties. (ECF No. 21.) The Court granted the request to enlarge the discovery period, and established February 14, 2014, as the date by which Plaintiff must file his motion to amend the complaint.[2] (ECF No. 23.) On February 14, Plaintiff filed the pending motion. (ECF No. 24.)

In his proposed amended complaint (ECF No. 24-1), Plaintiff adds an additional defendant, Tim Raymond, Sergeant at the Aroostook County Jail. Plaintiff also asserts two counts, one under the Religious Land Use and Institutionalized Persons Act, 42 U.S.C. §§ 2000cc-1, 2000cc-2 (RLUIPA), and the other under 42 U.S.C. § 1983. In addition, Plaintiff supplements his factual allegations concerning the religious adherence issue, and also alleges two types of deprivations—one for the denial of religious texts and the other for the denial of the opportunity to attend worship services with other incarcerated Christians who were permitted to attend such services. In his initial form complaint, Plaintiff complained only of the denial of religious texts and identified, exclusively, section 1983 and the First Amendment as the legal bases for his action.

## DISCUSSION

### A. *The Motion to Amend Standard*

Rule 15(a)(1) of the Federal Rules of Civil Procedure permits a litigant to amend a pleading "as a matter of course" subject to certain time constraints. However, when a party seeks to amend a complaint more than 21 days after the filing of a responsive pleading, the other party's consent or leave of court is required in order to amend the complaint. Fed. R. Civ. P. 15(a)(2). In such a case, the court is to grant leave to amend "freely" when "justice so requires." *Id.*; *see also Foman v. Davis,* 371 U.S. 178, 182 (1962). The standard is elevated when the motion to amend is filed

---

[2] During a telephonic conference with the parties to discuss Plaintiff's request to modify the Scheduling Order, the Court advised the parties that it would evaluate Plaintiff's request to enlarge the period within which the parties could amend the pleadings in the context of an actual motion to amend the complaint.

3

after the court's scheduling order deadline for amendment of pleadings. A motion to amend that is filed beyond the deadline established in a scheduling order requires an amendment of the scheduling order. To obtain an amendment of the scheduling order, a party must demonstrate good cause. *Johnson v. Spencer Press of Maine, Inc.*, 211 F.R.D. 27, 30 (D. Me. 2002); *El–Hajj v. Fortis Benefits Ins. Co.,* 156 F. Supp. 2d 27, 34 (D. Me. 2001); Fed. R. Civ. P. 16(b)(4).

A court's decision on good cause "focuses on the diligence (or lack thereof) of the moving party more than it does on any prejudice to the party-opponent." *Steir v. Girl Scouts of the USA,* 383 F.3d 7, 12 (1st Cir. 2004). "Particularly disfavored are motions to amend whose timing prejudices the opposing party by 'requiring a re-opening of discovery with additional costs, a significant postponement of the trial, and a likely major alteration in trial tactics and strategy.'" *Id.* (quoting *Acosta–Mestre v. Hilton Int'l of P.R., Inc.,* 156 F.3d 49, 52 (1st Cir. 1998)). Ultimately, it falls to the court's discretion whether to grant a motion to amend, and that discretion should be exercised on the basis of the particular facts and circumstances of the case.[3] *Id.*

### B. Discussion

Defendants maintain that because the amendment would add an additional party and a new theory of recovery, the amended complaint would result in prejudice to Defendants. Defendants characterize the proposed changes as substantial alterations of the case. Additionally, Defendants contend that Plaintiff has not acted diligently with respect to the requested amendment.

Plaintiff argues that he attempted to act diligently, but because of conditions and restrictions at the Maine State Prison, he was essentially unable to research how to draft a proper complaint on his own. Plaintiff also contends that the amended complaint provides a better description of his action and will actually assist Defendant in understanding the bases of his claims.

---

[3] In some circumstances, parties may amend their pleadings even during, or following, trial. Fed. R. Civ. P. 15(b).

4

Plaintiff also notes that relatively little discovery has occurred to date, and that the discovery period remains open. Plaintiff further argues that his failure to seek an amendment earlier constitutes "excusable neglect" under Fed. R. Civ. P. 6(b)(1)(B).

While the Court recognizes that Plaintiff's status as a pro se litigant does not exempt him from complying with the Court's procedural rules, *Dutil v. Murphy*, 550 F.3d 154, 158 (1st Cir. 2008), the Court can and should consider Plaintiff's status as an inmate when assessing the diligence with which Plaintiff has proceeded. First, even in the best of circumstances, Plaintiff did not have unfettered access to information, including legal authority, relevant to Plaintiff's potential theories of recovery. In addition, Plaintiff attempted, without success, to contact counsel to represent him. As part of that effort, Plaintiff filed a motion for appointment of counsel. Notably, the Court did not deny the request. Rather, the Court deferred ruling until Plaintiff had explored other options for counsel. At least implicit in the Court's decision to consider an appointment of counsel is the recognition that Plaintiff was in need of legal advice regarding his claim. Although the Court acknowledges that Plaintiff could have sought an amendment to his complaint earlier in the proceeding, because he made a legitimate effort to secure counsel to assist him before the expiration of the amendment deadline, and because counsel filed a motion to amend the Scheduling Order promptly after entering an appearance, the Court determines that Plaintiff's diligence is acceptable.

The Court also is not convinced that Defendants would be unduly prejudiced by the amendment. Because the pleadings of pro se litigants, including prisoner litigants, are subject to "less stringent standards than formal pleadings drafted by lawyers," *Haines v. Kerner*, 404 U.S. 519, 520 (1972), the newly proposed RLUIPA claim is one the Court likely would have considered when addressing a legal challenge that Defendants would make to Plaintiff's complaint, regardless

5

of Plaintiff's failure to identify the statute. Additionally, the pleadings of pro se litigants are commonly interpreted in light of supplemental filings. *Wall v. Dion*, 257 F. Supp. 2d 316, 318 (D. Me. 2003). For example, therefore, in the event that Defendants filed a dispositive motion, Plaintiff arguably could have raised some of the facts and legal theories included in Plaintiff's proposed amended complaint in his response to the motion.

Finally, because discovery is not complete, and because the parties have not engaged in much discovery to date, Defendants would be able to conduct discovery related to any new issues raised by the amendment, and Defendants would not be required to duplicate much, if anything, in the way of discovery. Furthermore, with Plaintiff's claims clarified through the amendment, the discovery for all parties can be better focused. The Court, therefore, concludes that Defendants would not be unduly prejudiced if the Court permits the amendment.

## CONCLUSION

Based on the foregoing analysis, the Court grants Plaintiff's Motion to Amend. Plaintiff shall file the Amended Complaint on or before April 10, 2014. Upon filing of the Amended Complaint and the return of service of the Amended Complaint upon Defendant Raymond, the Court will schedule a telephonic conference to discuss a revised scheduling order.

## CERTIFICATE

Any objections to this report shall be filed in accordance with Federal Rule of Civil Procedure 72.

*SO ORDERED*

March 26, 2014

/s/ John C. Nivison
U.S. Magistrate Judge